UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
NDUKWE KALU,

                      Plaintiff,

      -against-                               06 Civ. 3791 (LAK)

CITY OF NEW YORK, et al.,

                      Defendants.
------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

      In a report and recommendation dated July 30, 2008, Magistrate Judge Eaton recommended that I grant the City's motion for summary judgment dismissing the complaint and deny plaintiff's requests to reopen discovery and to name and serve the John Doe defendants.

      Plaintiff's counsel objections only to the former recommendation, arguing in conclusory terms that the record was sufficient to require denial of summary judgment on *Monell* grounds. I disagree.

      Plaintiff himself also has filed objections *pro se*. As to the first incident, he does not really quarrel with the recommendation but asks for relief from the judgment under Rule 60(b) on the ground that he would have named the John Doe defendants in timely fashion but for his attorney's failure to keep him fully informed. He also apparently seeks relief with respect to the second incident on the basis of a July 2007 *Village Voice* article that, he claims, supports his arguments.

      Plaintiff's *pro se* objections are overruled. The statute of limitations has run against the persons whom he wishes to add as defendants. If plaintiff's attorney failed him in not timely naming and serving the John Doe defendants, plaintiff's remedy is against his attorney. Nor is *Village Voice* article newly discovered evidence. It was published in July 2007, well before the City even moved for summary judgment. Plaintiff has failed to offer even a colorable argument that the information it contained, whatever its sufficiency, would not have been known to him had he and his attorney acted with reasonable diligence.

Accordingly, I adopt Magistrate Judge Eaton's recommendation. The case is dismissed. Any relief for plaintiff's alleged misfortune must be found in an action against his attorney.

SO ORDERED.

Dated: September 15, 2008

                                       /s/ Lewis A. Kaplan
                                       Lewis A. Kaplan
                                       United States District Judge